Mary J. Boyle, Presiding Judge,
dissenting.
{¶ 27} Respectfully, I dissent and would affirm the trial court’s decision denying Wood’s motion for a new trial.
{¶ 28} The majority holds that Wood was denied a fair trial by “significant irregularities in the jury deliberations.” I disagree. While I acknowledge that the proceedings below were not perfect, litigants are not entitled to a perfect *674 trial, only a fair one. Grundy v. Dhillon, 120 Ohio St.3d 415, 2008-Ohio-6324, 900 N.E.2d 153, ¶ 30.
{¶ 29} The one irregularity that is not disputed pertains to the faulty instruction in the original interrogatory No. 3, which stated the following: “If you answered ‘no’ to this Interrogatory, skip to Interrogatory No. 5. If you answered ‘yes’ to the Interrogatory, proceed to No. 4 and then No. 5.” The interrogatory should have instructed the jury to “conclude deliberations” if they answered no to interrogatory No. 3 — it should not have directed them to proceed to interrogatory No. 5. The mistake became apparent to all parties immediately after the jury returned from deliberations the first time — the jury had proceeded to interrogatory No. 5 and awarded damages despite finding no proximate cause in their answer to interrogatory No. 3. The majority focuses on this single mistake by the trial court and criticizes the trial court for failing to appreciate this mistake in ruling on the motion for a new trial. But I find that the majority’s focus is misplaced and that the majority fails to appreciate the entire context of the proceedings.
{¶ 30} Notably, after the jury returned its inconsistent verdict following the first deliberation — i.e., the jury found no proximate cause in its answer to interrogatory No. 3 but proceeded to the damages question in interrogatory No. 5 — no party requested that the trial court grant a new trial on the grounds that the jury had had a faulty instruction in interrogatory No. 3. To the contrary, both parties, including Wood, acquiesced in the trial court’s decision to correct the instruction and return the jury for further deliberations. Wood’s counsel never once objected to the manner in which the faulty instruction was handled. Wood’s counsel never argued that the jury’s initial verdict was consistent and should stand, thereby eliminating the need for further deliberations. The record is abundantly clear that Wood’s counsel agreed that the instruction should be corrected and the matter returned to the jury. In light of these proceedings, I fail to see how Wood can now complain and argue that she.was denied a fair trial. See Gable v. Gates Mills, 103 Ohio St.3d 449, 2004-Ohio-5719, 816 N.E.2d 1049, ¶ 43 (where no timely objection is made on a particular issue, the issue is generally waived because plain error is rarely recognized in a civil case); Fennell v. Columbiana, 7th Dist. No. 09CO42, 2010-Ohio-4242, 2010 WL 3503503 (trial court does not abuse its discretion in denying a motion for a new trial when the party failed to object and raise the issue during the trial).
{¶ 31} Next, I disagree with the majority’s conclusion that the proceedings were so irregular by virtue of the jury’s deliberating three times that it deprived Wood of a fair trial. The majority reaches this conclusion by agreeing with Wood’s argument that the initial verdict may have been consistent with its answers to its interrogatories — i.e., that the jury answered no to interrogatory *675 No. 3 (the proximate-cause interrogatory) solely because the interrogatory relates to both injury and death. Wood contends that the initial verdict in her favor was consistent with the jury’s answers, including the jury’s answer of no to interrogatory No. 3, because the jury separately awarded damages arising out of Frank’s death in interrogatory No. 5. Agreeing with this, the majority states that “one could infer that the jury did indeed find for Wood with respect to Frank’s death and wanted to award her $250,000 for Harborside’s negligence regarding his death.” But the jury answered no to interrogatory No. 3 — the proximate-cause question. Indeed, the jury consistently answered no to this question. Therefore, I refuse to speculate that the jury intended to answer yes to that portion of the question relating to injury.
{¶ 32} As for the jury initially awarding $250,000 in answering interrogatory No. 5, it was clearly a result of the faulty instruction in interrogatory No. 3 that directed the jury to answer interrogatory No. 5 and led the jury to believe that they could award damages despite finding no proximate cause. Notably, the majority emphasizes that the jury “specifically did not answer Interrogatory No. 4” — the interrogatory relating to damages for injuries to Frank proximately caused by Harborside — as evidence that the jury found no proximate cause between Harborside’s negligence and Frank’s injuries but that the jury must have found proximate cause between Harborside’s negligence and Frank’s death because it answered interrogatory No. 5. But the majority fails to recognize that the faulty instruction in interrogatory No. 3 specifically directed the jury to skip interrogatory No. 4 and proceed to interrogatory No. 5; therefore, the jury’s not answering the interrogatory was simply a matter of their following the instruction.
{¶ 33} The majority further finds that the trial judge’s decision sending the jury back for further deliberations on two additional occasions could be construed “at worst” to mean that “the jury felt compelled by the trial court to return a defense verdict.” But again, this statement ignores that the trial court’s returning the jury for further deliberations was agreed to by all the parties. Wood’s counsel never once objected or asked the trial court to reduce the answers to the interrogatories and verdict to a judgment. And although the trial judge could not have entered a judgment after the first deliberations, because the answers to the interrogatories were inconsistent themselves, the trial court could have opted to enter a verdict for Harborside once the faulty instruction had been corrected and after the second round of deliberations — at that point, the answers to all the interrogatories supported a verdict for Harborside. See Civ.R. 49(B)(1) (authorizing the trial court to grant judgment in accordance with interrogatory answers when the answers are inconsistent with a general verdict). Out of an abundance of caution, and consistent with the parties’ wishes, however, the trial *676 court returned the matter for the jury to deliberate a third time because the jury answered the interrogatories in favor of Harborside but failed to sign a general defense verdict. I fail to see how the third round of deliberations, which served only to benefit Wood, should now serve as grounds for a new trial for Wood.
{¶ 34} Additionally, unlike the majority, I cannot agree that Wood was deprived of some right or benefit through no fault of her own. Here, the gravamen of Wood’s entire appeal is premised on the notion that interrogatory No. 3 was confusing because it contained a compound question relating to proximate cause: “Has Plaintiff proven, by a preponderance of the evidence, that the negligence of Defendant, Harborside Healthcare, was a proximate cause of injury and death of Frank A. Wood?” (Emphasis added.) The majority agrees with Wood that the jury may have found that Harborside’s negligence proximately caused Frank’s death but had to answer no based on how the interrogatory was worded. But Wood’s proposed interrogatory for proximate cause was substantially similar to the one adopted by the court and specifically contained a compound question related to proximate cause. Wood therefore has invited the very error that she now relies on for purposes of a new trial. Moreover, Wood never polled the jury to substantiate her claim that the jury did indeed believe that Harborside’s negligence proximately caused Frank’s death. Given that Wood could have avoided the very issues that she now complains of, I cannot say that the trial court abused its discretion in denying her motion for a new trial.
{¶ 35} Finally, and most importantly, I cannot agree with the majority that Reeves v. Healy, 192 Ohio App.3d 769, 2011-Ohio-1487, 950 N.E.2d 605, supports its decision to reverse the trial court. Although Reeves involved an irregularity related to jury deliberations, there are two critical distinctions between Reeves and this case: (1) the appellate court in Reeves affirmed the trial court’s decision to grant a new trial and (2) the party who moved for a new trial had objected to further deliberations by the jury once the jury returned inconsistent answers to the jury interrogatories. Id.
{¶ 36} At the heart of Reeves is the recognition that a trial judge or magistrate, who has presided over the proceedings, is in the best position to determine whether a party has been afforded a fair trial and “to assess the jury’s flaws in answering the interrogatories.” Id. at ¶ 31. Indeed, as recognized by the majority, the decision to grant a new trial “is a decision committed to the trial court’s sound discretion, and an appellate court will not reverse such a ruling absent an abuse of discretion.” Thus, to agree with the majority, I would have to find that the trial court’s decision was “so palpably and grossly violative of fact or logic that it evidences not the exercise of will but the perversity of will, not the exercise of judgment but the defiance of judgment, not the exercise of reason but instead passion or bias.” Nakoff v. Fairview Gen. Hosp. (1996), 75 Ohio St.3d *677 254, 256, 662 N.E.2d 1. Here, where Wood failed to object to and even contributed to the alleged confusion, I cannot say that the trial court abused its discretion in denying her motion for a new trial.
{¶ 37} Accordingly, I dissent and would overrule both assignments of error, affirming the trial court’s judgment in its entirety.